UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAM-WAY TRANSPORTATION INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS FREIGHT INC., <br><br> Defendant. | CASE NO. 2:23-cv-00129-LK <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff Kam-Way Transportation Inc.'s renewed Motion for Entry of Default Judgment. Dkt. No. 19.[1] Plaintiff's motion is DENIED without prejudice.

On May 23, 2023, Plaintiff moved for both an entry of default and an order of default judgment simultaneously. Dkt. No. 11. For the reasons explained in its May 26, 2023 Order, the Court granted Plaintiff's request for an entry of default in light of Defendant's failure to appear or otherwise defend, but denied Plaintiff's request for default judgment without prejudice. Dkt. No.

---

[1] The Court notes that Plaintiff's motion was filed in CM/ECF as a "Memorandum," but assumes based on the caption and contents that Plaintiff intended to renew its motion for default judgment.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 1

1  17; *see also* Dkt. No. 18 (Clerk's entry of default). The Court instructed Plaintiff that it may renew
2  its motion for default judgment "in compliance with the Federal Rules of Civil Procedure, the
3  Local Civil Rules, and this Court's Standing Order for All Civil Cases." Dkt. No. 17 at 2. The
4  Court specifically noted that movants seeking a default judgment must, among other things,
5  address the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). *Id.*

6        Rather than heed the Court's directive, Plaintiff proclaims to have "cured" its original
7  motion by simply asking the court to enter judgment "consistent with the [previously filed]
8  declaration of Eugene Peete (Dkt #13 and exhibits thereto) and the declaration of Andrew D.
9  Shafer (Dkt #12)." Dkt. No. 19 at 1. Not so. For example, not only has Plaintiff failed to satisfy
10 the specific briefing requirements of this Court's Standing Order, Dkt. No. 16, it has also failed to
11 comply with Local Civil Rule 55(b)(2)(A)'s requirement that motions for default judgment be
12 supported by evidence establishing entitlement to attorney's fees. Counsel's prior declaration
13 represents that "[a] true and correct copy of [his] February and May 2023 invoices to plaintiff are
14 attached as Exhibit B," Dkt. No. 12 at 2, but no such exhibit is filed on the docket. These may not
15 be the only shortcomings in Plaintiff's motion, but the Court need not scour the record further.

16       Plaintiff may renew its efforts by filing a compliant motion of no more than 2,100 words,
17 outlining why default judgment is appropriate under the *Eitel* factors and otherwise in accordance
18 with the Local Civil Rules, Section VII of the Standing Order, and other applicable law, by no
19 later than June 12, 2023.
20 //
21 //
22 //
23 //
24 //

As previously indicated, Dkt. No. 17 at 2, the Court will not award fees as a result of this Order or to correct the improperly filed motion for default judgment. *See Johnson v. Peter*, No. C21-1602-LK, 2023 WL 22021, at *8 (W.D. Wash. Jan. 3, 2023); *Stephens v. Marino, White, O'Farrell & Gonzalez*, No. C10-5820-BHS, 2011 WL 4747920, at *4 (W.D. Wash. Oct. 7, 2011). Further needless multiplication of matters before the Court may result in sanctions. *See* LCR 11(c).

Dated this 6th day of June, 2023.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 3